CITY OF BAKER CITY, OREGON,                          CV 08-717-SU

                      Plaintiff

                                                     OPINION AND ORDER
                                                     ON MOTIONS FOR
v.                                                   PARTIAL SUMMARY
                                                     JUDGMENT

UNITED STATES OF AMERICA, et al,

                      Defendants


Sullivan, Magistrate Judge

        Baker City ("City"),  a municipal corporation in Baker County, Oregon, filed its

complaint under the Declaratory Judgment Act, 28 U.S.C Sec. 2201, and the Quiet Title Act, 28

U.S.C. Sec. 2409a, against the United State Forest Service, the United State Department of

Agriculture, the United State Department of the Interior, the Bureau of Land Management,

("United States") and various private land owners in Baker County.   The City alleges that it

holds a water right for municipal purposes under the laws of the State of Oregon, and a grant, or

right, for the operation and maintenance of a rights-of-way to deliver the water to Baker City.

The City alleges that the rights-of-way cross over land owned by the United States and others.

The City has resolved its claims with regard to private landowners and the case proceeds against

Page 1 - OPINION AND ORDER

the United States.

The City filed its motion for partial summary judgment-validity seeking an adjudication of the validity of its rights-of-way across public lands. The Court entered its Opinion and Order regarding the partial summary judgment motion concerning validity on April 5, 2010 (Docket #102). The City and the United States seek a determination of the scope of the rights-of-way in motions for partial summary judgment-scope. As indicated in the court's Opinion and Order, the United States has conceded the City's rights-of-way to some but not all of the parcels named in the City's complaint. Similarly, the United States has conceded the scope of the rights-of-way on some but not all of the parcels named in the City's complaint.

The City's motion for partial summary judgment-scope is granted, in part, and denied, in part.[1] The United States' motion for partial summary judgment regarding scope is denied.

*Factual Summary*

The parties have filed stipulated facts as follows:

1. The City holds water rights granted by the State of Oregon to the waters of various springs and creeks that flow through the mountains north and west of the City. These water rights have a priority date dating from 1862 and 1868 under Certificate of Water Right, No. 80496, issued by the Water Resources Department of the State of Oregon ("OWRD"), dated January 15, 2004. The water right includes the right to store water in Goodrich Reservoir constructed in the 1860's and with a priority date of 1901. In 1961, the City applied for additional storage and use from Goodrich Reservoir which was granted by OWRD in certificates

---

[1] The parties have given full consent to adjudication of the case by the magistrate judge pursuant to 28 U.S.C. 636(c).

Page 2 - OPINION AND ORDER

39253 (storage) and 39254 (use).

2.  The City claims  rights-of-way over property owned by the United States referred to by individual parcels, i.e.  Parcel 1 through 14, 16 through 44, 46 through 78, 80, 83, 84, 87, 88, 91, 93, 94, 97 through 100, 102 through 106, 114 through 116, 118 through 125.  The rights-of-way provide access to the waters covered by the water rights.   The parcels not included in the numerical sequence are parcels owned by private land owners with whom the City has resolved its claims.  The parties have stipulated to the legal descriptions, current ownership, parcel status and designation of the legal claims to the validity of the City's rights-of-way.

3.  The United States agreed, in part,  to the City's motion for partial summary judgment-validity and an Opinion and Order was entered granting, in part, that partial summary judgment based upon the stipulated facts.

4.   Regarding this motion for partial summary judgment-scope, the parties have agreed that the following facts and legal authority are not in dispute:

a.  **Motion II**.[2]

Segment 5, the Elk Creek Line from Elk Creek to the Baker City Aqueduct, includes Parcels 97, 100,  and 102.   The City holds express easements over parcels 97, 100 and 102 granted by private land owners to the City prior to the acquisition of the property by the United States and included in the conveyances to the United States.  See Exhibits 34, 35, 40 (Amended Stipulated Exhibit 83).   The United States agrees that the City has an easement of 16 feet over parcel 97, 100 and 102 pursuant to the terms of the express easements.

---

[2] Motion numbers are the designations given by plaintiff to the subparts of partial motion for summary judgment-scope.

b. **Motion III.**

Segment 4, entitled the Auburn Line from Little Mill Creek to the Elk Creek Settling Tank, includes Parcels 93 and 94. The City holds a valid right-of-way across Segment 4 pursuant to the Mining Act of 1866, 43 U.S.C. Sec. 661 ("1866 Act"), and the City holds an express easement over Parcels 93 and 94 granted by private land owners to the City prior to the acquisition of the property by the United States and included in the conveyances to the United States. See Exhibit 28 (Amended Stipulated Exhibit 83). The United States agrees that the City has an easement of 16 feet across parcels 93 and 94 pursuant to the terms of the express easement.

Segment 5, the Elk Creek Line, includes parcels 104 and 105. The City holds express easements over Parcels 104 and 105 granted by private landowners to the City prior to the acquisition of the property by the United States and included in the conveyances to the United States. See Exhibit 46 (Amended Stipulated Exhibit 83). The United States agrees that the City has an easement of 20 feet across parcels 104 and 105 pursuant to the terms of the express easement.

c. **Motion IV.**

Segment 1, entitled the Goodrich Reservoir, includes Parcels 1-4. The United States agrees that the City holds a valid right-of-way across Parcels 1-4 pursuant to the Act of July 1, 1905, 16 U.S.C. Sec 524, Exhibit 2A (Amended Stipulated Exhibit 83). The United States also agrees that the City has a right-of-way or right of use across Parcels 1-4, consisting of 160 acres of land authorized under the Act of March 14, 1914, 38 Stat. 308. See Exhibit 2B (Amended Stipulated Exhibit 83).

Plaintiff's Motion I remains in dispute.  The City seeks  a declaration that, as a matter of law, the scope of its  rights-of-way under the 1866 Act is fifty feet from each side of the center line of each right-of way.   The United States disputes the nature and scope of the rights-of way as claimed by the City under the 1866 Act and has moved for partial summary judgment regarding Parcels 23-44, 46-78, 80, 83-84, 87-88, 91, 93-94, 98-99, 103-106, 118-123 and the unrealigned  portion of  Parcel 124.[3]  The United States claims, as a matter of law,  that the rights-of-way under the 1866 Act are limited to a total width of sixteen feet on each parcel.

## Standard of Review

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. (56(c).  All material facts are resolved in a light most favorable to the nonmoving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986).  The moving party bears the initial burden of showing no genuine dispute of material fact exists. *Id*. at 323.

"If the moving party meets its initial burden of showing 'the absence of a material and triable issue of fact, the burden then moves to the opposing party who must present significant probative evidence tending to support its claim or defense.'" *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).  The non-moving party must go beyond the

---

[3] The parties do not appear to dispute the scope of the right-of-way over Parcels 124 (realigned) and 125 as found in Exhibit 54.  See Docket # 102, p. 9.

pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. at 322-23.

The substantive law governing a claim determines whether a fact is material. *T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). All reasonable doubts as to the existence of a genuine issue of fact must be resolved against the moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574 (1986). The court should view inferences drawn from the facts in the light most favorable to the nonmoving party. *T.W. Elec. Serv. v. Pacific Elec.*, 809 F.2d at 630-31.

The Quiet Title Act provides "The United States may be named as a party defendant in a civil action ...to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights...." 28 U.S.C. Sec. 2409a(a). The complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States. 28 U.S.C. Sec 2409a(d).

*Discussion*

1. Plaintiff's Motion for Partial Summary Judgment-Scope regarding Motions II, III and IV.

Based upon the stipulations of the parties plaintiff's motion for partial summary judgment-scope is GRANTED for Motions II, III and IV.

2. Plaintiff's Motion for Partial Summary Judgment-Scope regarding Motion I and

Defendant's Motion for Partial Summary Judgment.

As a modern day "philosopher" once said: "When you come to a fork in the road, take it."[4]  Each party claims that it is entitled to partial summary judgment regarding the scope of the City's 1866 Act rights-of-way.  Plaintiff claims that its right-of-way on each parcel for which it holds an 1866 Act water right is 100 feet.  Defendant claims plaintiff's right-of-way on each of those parcels is 16 feet.  The court declines to take either of these "forks in the road."

### a.  Substantive Law

The 1866 Act, as amended by the Act of July 9, 1870, provides as follows:

"Whenever, by priority of possession, rights to the use of water for mining, agricultural, manufacturing, or other purposes, have vested and accrued, and the same are recognized and acknowledged by the local customs, laws, and the decisions of courts, the possessors and owners of such vested rights shall be maintained and protected in the same; and the right of way for the construction of ditches and canal for the purposes herein specified is acknowledged and confirmed...."

"All patents granted, ... shall be subject to any vested and accrued water rights, or rights to ditches and reservoirs used in connection with such water rights, as may have been acquired under or recognized by this section."   This language was specifically adopted by the 1976 Act. Pub.L 94-597, Title VII, Sec. 706(a), 90 Stat. 2793, Effective on and after Oct. 21, 1976.

In *Jennison v. Kirk*, 98 U.S. 453 (1878), the Supreme Court recognized that the general purpose of the 1866 Act was to give the sanction of the government to vested water rights

---

[4] *When You Come to a Fork In the Road, Take It.  Inspiration and Wisdom from One of Baseball's Greatest Heroes.*  Yogi Berra with Dave Kaplan, New York, Hyperion, 2001.

acquired by owners and possessors of those rights that were recognized by local custom, laws, and decisions of the courts. *Id*. at 460-461. The rights-of-way incident to such water rights were recognized in the same manner as the vested water rights, i.e. by local customs, laws and decisions of the courts. *Id.* This has long been recognized by the courts in Oregon. *Carson v. Gentner*, 33 Or 512, 517, 52 P. 506 (1898); *Parkersville Drainage District. v. Wattier*, 48 Or. 332, 86 P. 775 (1906); *Hinton v. Hannigan*, 177 Or. App. 196, 204, 33 P.3d 379 (2001). The Ninth Circuit has also recognized that the 1866 Act protected water rights and rights-of-way for diversion of the water in accordance with local and customary law and usage. See *Hunter v. United States*, 388 F. 2d 148 (9th Cir. 1967) (a case arising in California); *Western Watersheds Project v. Matejko*, 456 F. 3d 922 (9th Cir. 2006) (a case arising in Idaho).

### b. Plaintiff's Motion I.

Plaintiff contends that the city is entitled to a 50 foot right-of-way on either side of the center line of the pipeline easement and relies on *Hage v. United States*, 51 Fed. Cl. 570 (2002)[5] to support its position. *Hage v. United States* is a takings case arising in Nevada in which plaintiffs filed constitutional, statutory, and contractual claims regarding property rights in water, ditch rights-of-way and the right to forage. *Id.* at 572. The Hages sought a determination of the scope of their rights.[6] The United States Court of Claims found that plaintiffs had established ownership of vested water rights and 1866 Act ditch rights-of-way under Nevada law. *Id*. at 578-

---

[5] The *Hage v. United States* cases culminated in the 2002 order upon which the City relies. See *Hage v. United States*, 35 Fed.Cl. 147 (1996)(*Hage I*); *Hage v. United States*, 35 Fed.Cl. 737 (1996)(*Hage II*); and *Hage v. United States,* 42 Fed. Cl. 249 (1998) (*Hage III*).

[6] Plaintiffs also claimed ownership of the surface estate of 752,00 acres of grazing land on federal allotments. The Court of Claims found that the Hages did not have a viable claim for a property interest in grazing permits or a surface estate.

79. The Court interpreted the 1866 Act to allow for ditch rights-of-way of 50 feet on each side of a ditch. *Id.* at 583. The City asks this court to apply the Court of Claims' analysis and holding in *Hage* to its rights-of-way for the City's pipeline.

The Court of Claims observed that "[i]n the Ditch Right-of-Way Act, Congress chose not to enact detailed dimension of ditch rights-of-way [but] [i]nstead Congress expressly deferred to state and local custom and usage." *Hage v. United States,* 51 Fed.Cl. at 582. The Court also pointed out that many federal statutes "with similar purposes to the 1866 Act incorporate a consistent 50 foot right-of-way for ditches." *Id.* at 582. (Act of 1891, 43 U.S.C. 946; Act of 1895, 43 U.S.C. 956; and Act of 1901, 43 U.S.C. 959). The Court stated that there was undisputed testimony at trial that historic use of the ditches at issue was for livestock watering next to the stream. *Id*. at 581, 586-87. Accordingly, emphasizing Nevada law, the Court of Claims found that the Hages had established a 50 foot right-of-way on either side of some of their 1866 Act ditches for forage rights. *Id.* at 581-82, 584. The Court of Claims subsequently recognized, under Nevada law, the Hages' 50 foot easement on either side of their 1866 Act ditches and that the government's unreasonable regulation of plaintiffs' right to maintain their ditches resulted in a taking. *Estate of Hage v. United States*, 82 Fed.Cl 202, 213-14 (2008).

The City contends that the Court of Claims decision in the *Hage* cases, should apply to its 1866 Act rights-of-way for its pipeline. However, the circumstances here are different than in *Hage*. This case involves rights-of-way for a pipeline, not forage rights. It is irrelevant to the present case that Nevada law may attach a forage right to a water right. See *Diamond Bar Cattle Co. v. United States*, 168 F.3d 1209, (10th Cir. 1999). (Valid water rights did not give cattle owners grazing rights on federal lands.) *Walker v. United States*, 69 Fed. Cl. 222 (2005) is a

United States Court of Claims decision which did not apply *Hage* 1866 Act rights-of-way under

New Mexico law and certified the rights-of-way question to New Mexico Supreme Court.  The

New Mexico court declined to follow the rationale of *Hage*.  *Walker v. United States*, 142 N.M.

45, 162 P.3d 882 (2007).  In fact, as the New Mexico court pointed out, "...the continued validity

of *Hage's* holding has recently been called into serious question by *Colvin Cattle Co. v. United

States* , 67 Fed.Cl. 568, 570 (2005)(*Colvin I*), aff'd by *Colvin II*, 468 F.3d 803." *Walker v. United

States*, 162 P.3d at 888-89.   In Colvin I, the Court of Claims said that "plaintiff's water right

included...a very limited right to graze within 50 feet on each side of an established Mining Act

ditch right-of-way."  *Colvin v. United States*, 67 Fed.Cl. at 576.  *See also Colvin v. Colvin*, 2007

WL 2248160 (D. Or. 2007).

        This court declines to hold, as a matter of law, that there are 50 foot rights-of-way on

either side of the City's pipeline under the 1866 Act.  There is no support in federal law or in

Oregon law to support the City's argument other than the *Hage* cases.  The City's reference to

legislative history as discussed in *Hage* is unpersuasive.   While the 50 foot right-of-way may

have been discussed by Congress, it was specifically left out of the 1866 Act.  The Court of

Claims in *Hage* pointed out that the 1866 Act was similar to other legislation which allowed for

50 foot rights-of-way.[7]  However, it also emphasized the 1866 Act reliance on "local customs,

laws, and decisions of the courts" to inform its decision.  This is what the 1866 Act provides for

and what the Supreme Court in *Jennison v. Kirk*, 98 U.S. at 460, recognized.  The scope of the

---

        [7] The legislation, as indicated above included the 1891 Act for irrigation and drainage, the 1895 Act for tram roads, canal and reservoirs, and the 1901 Act for electrical facilities, etc. These acts concerned construction of such facilities and required authorization and/or approval of the government.

ditch rights-of-way existing under the 1866 Act requires that this court look to evidence regarding the local customs, laws and decisions of the Oregon courts to inform its decision regarding those rights-of-way.

Plaintiff's Motion I for partial summary judgment-scope is DENIED.

**c. Defendant's Motion for Partial Summary Judgment**.

The United States contends that it is entitled to partial summary judgment on the nature and scope of the City's rights-of-way under the 1866 Act.  The United States argues that, as a matter of law, that those rights-of-way are limited to  a total of 16 feet.  Defendant correctly cites *Jennison v. Kirk*, supra. for the proposition that 1866 Act rights are established under state law and that deference is given to state and local law regarding  such rights.  *See Western Watershed Project v. Matejko*, 468 F. 3d at 1103.   As such, Oregon law controls both validation of a water right  and  construction of the nature and scope of the right-of-way for use of  the water right. [8] Defendant contends that, as a matter of law, the court should determine that the reasonable rights-of-way for the 1866 Act parcels is 16 feet.

Oregon law provides that "[s]everal legal principles govern the proper construction of an instrument creating an easement, whether by reservation or express grant.  First, in such cases, 'it is the duty of the court to declare the meaning of what is written in the instrument' *Minto v. Salem Water Etc. Co.*, 120 Or 202, 210, 250 P. 722 (1976).  Further, the court will look beyond the wording of the instrument 'only where there is uncertainty or ambiguity.' *Fendall v. Miller*, 99

---

[8] At oral argument, plaintiff submitted a timeline of the creation of the Auburn line along with copies of various statutes passed by the Oregon legislature from 1870 through 1907 arguing that if the 50 foot rights-of-way for the 1866 Act ditches was not controlling, that these statutes were the controlling authority under Oregon law at the time the ditches were constructed. Plaintiff offered the timeline in opposition to defendant's motion for partial summary judgment.

Or. 610, 619, 196 P. 381 (1921).   If the wording at issue is uncertain or ambiguous, then the court must determine the intent of the original parties by examining the relevant surrounding circumstances." *Tipperman v. Tsiatsos*, 327 Or. 539, 544-45, 964 P.2d 1015 (1998).  The interpretation of an express easement is a question of law for the court.   *Kell v. Oppenlander*, 154 Or. App. 422, 426, 961 P. 2d 861, 863 (1998).  In construing an easement, the court's fundamental task is to discern the nature and scope of the easement's purpose and to give effect to that purpose in a practical manner.  *Watson v. Banducci*, 158 Or. App. 223, 230, 973 P.2d 395, 400 (1999). To determine an easement's purpose, the court must first look to the words of an easement, viewing them in the context of the entire document.  *Id.* ; *Kell v. Oppenlander*, 154 Or. App. at 426.   Words in the grant of an easement are given their plain, ordinary meaning, *Fendall v. Miller*, 99 Or. at 616-17, and if the easement's terms clearly express the easement's purpose, the analysis ends there. *Watson v. Banducci*, 158 Or. App. at 230.

If, however, ambiguity remains, the court must look to relevant surrounding circumstances for evidence of the original parties intent.  Relevant considerations may include the easement's purpose, the circumstances existing at the time the easement was created, and the manner in which the original parties used the easement. *Tipperman v. Tsiatos,* 327 Or. at 545; *Watson v. Banducci*, 158 Or. App. at 230.  In giving effect to an easement's purpose, general principles of reasonableness control. *Id*. at 231.   Ordinarily an easement passes no rights to the grantee except those rights that are necessary for the easement's reasonable and proper enjoyment. *Id.; Miller v. Vaughn*, 8 Or 333, 336, (1880).  The grantor retains "full dominion and use of the land [subject] to an easement, except so far as a limitation of the grantor's right is essential to the fair enjoyment" of the easement that was granted.  *Id*. at 231 (quoting *Miller v.*

Page 12 - OPINION AND ORDER

*Vaughn*, 8 Or at 336 (1880)).   The parties respective rights of use and enjoyment are limited

beyond those general principles only if the written document itself expressly and unequivocally

imposes some greater restriction on or reservation of rights, or if extrinsic evidence shows that

the original parties to the easement intended some further restriction of the parties' rights.  *Id. ;*

*citing Jones v. Edwards*,  219 Or 429, 434, 347 P.2d 846 (1959).[9]

      The general rule in Oregon is that an easement holder has the right to enter the servient

estate do what is reasonably necessary to repair and maintain the easement.  *Baumbach v. Poole*,

266 Or. 154, 157 n. 1,  511 P. 2d 1219 (1973);  *Motes v. PacifiCorp*,  230 Or App. 701, 708, 712,

217 P. 3d 1072 (2009).  As previously stated, in determining the scope of an easement, the court's

fundamental task is to discern the nature and scope of the easement's purpose to give effect to

that purpose in a practical manner. *Watson v. Banducci*, 158 Or. App. at 230; *Motes v.*

*PacifiCorp*, 230 Or. App. at 713.  Oregon law permits an easement holder to avail itself of

improved methods and technology so long a the easement holder does not substantially increase

the burden on the servient estate.  *Id*. at 713;   *Firebaugh v.Boring*, 288 Or. 607, 611 n. 2 607 P.

2d 155 (1980)*;  Bernards et ux. v. Link and Haynes*, 199 Or 579, 593, 248 P. 2d 341 (1952), on

reh'g 199 Or. 579, 263 P. 2d 794 (1953).  As the Supreme Court said in *Bernards*, "[e]asements,

which are one of the numerous instrumentalities by which the day's work is done, would thwart

progress instead of facilitating it unless those who have easements can avail themselves of the

newer and improved methods in the use of the easements." *Id*. at 592.

      Defendant argues that because the City acquired seven 16 foot express easements in 1900

---

     [9] See *Tri-County Metropolitan Transportation District of Oregon v. MCI Communications Services*, *Inc.*, 2010 WL 1335010 (D. Or.), a case in which Magistrate Judge Hubel applied  the above principles of Oregon law in easement construction.

prior to beginning construction on the pipeline, that is the best evidence of the scope of the all of the City's 1866 Act rights-of-way.  These express easements relied upon by the United States are found in Exhibits 28, 35, 37, 40 and 42.   The parties have agreed to the 16 foot rights-of-way over Parcels 93 and 94, Parcels 100 and 102 as provided for in these express easements. See Ex. 28, 35, 40.  The parties have not agreed to any right-of-way width for Parcels 98 and 103.  See Exhibits 37 and 42.    The Parcels referred to in the express easements relied upon by the United States are  found in and around the Elk Creek Line or flowing into the Elk Creek Settling Tank. With the exception of Parcels 93 and 94, none of the Auburn Line parcels are included in the seven 16 foot express easements relied upon by the United States to support its argument on summary judgment.

The United States offers the declaration of Kevin Hatfield in which Dr. Hatfield states that his "preliminary conclusion" is that between 1900 and 1902,  Baker City had a right-of-way ranging from 14 to 18 feet and that this represents a "reasonably necessary and convenient" easement for its municipal pipeline.  Declaration of Kevin Hatfield.  Dr. Hatfield offered in support of his "preliminary conclusion"  the 1862 Auburn Water Company Articles of Incorporation, methods and technology of construction available in 1862-1863 and 1900-1902, and the above-mentioned right-of-way conveyances from seven parties to Baker City in 1900. Dr. Hatfield's discussion of the Auburn Ditch included the width of the ditch itself but not the width of the rights-of-way.  Declaration of Hatfield, Par. 8 and 9.  Dr. Hatfield also discussed what was " "likely" to have occurred regarding the construction of the City's pipeline.  Declaration of Hatfield, Par. 10-12.  Dr. Hatfield's "preliminary conclusions"  are not sufficient for the court to find,  as a matter of law, that each of the 1866 Act rights-of-way are limited to 16 feet.   Rather,

the evidence presented is but some evidence to be considered in deciding the scopes of the rights-of-way.

The United States also offers the Second Declaration of Michael Hall with Exhibits including photographs of the  Baker City Watershed, Goodrich Reservoir and Creek , the Baker City pipeline , the Forest Service road, and portions of the Auburn ditch. Second Declaration of Michael Hall, Ex. 3-18.   While these photographs are helpful to give the court a view of some of the pipeline and terrain, they are not conclusive evidence of the rights-of-way.  The United States has not presented evidence sufficient to prevail on its motion for partial summary judgment regarding the scope of the 1866 Act rights-of-way.

Defendant's motion for partial summary judgment is DENIED.


*Conclusion*


For the reason stated above, plaintiff's motion for partial summary judgment-scope (Docket #94) is GRANTED, in part, and DENIED, in part.  Defendant's motion for partial summary judgment (Docket #89) is DENIED.

IT IS SO ORDERED.

This 11th day of June, 2010.


s/Patricia Sullivan
Patricia Sullivan
United States Magistrate Judge