IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| CITY OF BAKER CITY, OREGON, | Civil No. 08-717-SU |
| Plaintiff | |
| | OPINION AND ORDER ON MOTION FOR |
| v. | PARTIAL SUMMARY JUDGMENT |
| UNITED STATES OF AMERICA, et al, | |
| Defendants | |

SULLIVAN, Magistrate Judge

        The City of Baker City ("Baker City"), a municipal corporation in Baker County,

Oregon, filed its Second Amended Complaint under the Declaratory Judgment Act, 28 U.S.C. §

2201, and the Quiet Title Act, 28 U.S.C. § 2409A, against the United States Forest Service, the

United States Department of Agriculture, the United States Department of the Interior, and the

Page 1 - OPINION AND ORDER

Bureau of Land Management (collectively "the United States").  Baker City has filed its Second

Amended Complaint seeking, inter alia, access to certain claimed water pipeline easements.

I  previously have issued Opinions and Orders on Baker City's partial motions for

summary judgment which include the facts and procedural history of this case in detail.  *See*

Docket Nos. 102 and 118.  The Opinions and Orders held that questions of fact remain as to the

validity of some of the claimed easements and as to the scope of all of the easements.[1]

The United States has moved for partial summary judgement on the Second Amended

Complaint on two narrow issues: first, that the determination of scope of any valid rights-of-way

or easements to Baker City's water pipeline on federal lands includes reasonable regulations and

applicable environmental laws; and second, that Baker City has no legal right to access the

pipeline on certain identified Forest Service roads (R1-R12).  For the reasons set forth below, the

United States' motion is granted as to the first issue: any valid easement held by Baker City,

whatever the scope of that easement is determined to be, and any access rights to such easement

are subject to reasonable regulation by the federal government, so long as those regulations do

not infringe upon Baker City's vested rights.  The United States' partial motion for summary

judgment as to the second issue of validity of access is denied, as genuine issues of material fact

remain that must be determined at trial.

Baker City filed a motion to strike the United States' motion for partial summary

judgment regarding the issue of regulation, contending that the government's motion is  vague,

insufficient, immaterial and impertinent.   Baker City's motion to strike is not necessary nor

---

[1] Some of the geographic boundaries of valid easements have been stipulated as a result
of express easements and the Act of March 14, 1914. See Opinion and Order, Docket No. 118.

Page 2 - OPINION AND ORDER

appropriately filed under Fed.R.Civ. P. 12(f).  The issues addressed in the motion to strike are adequately raised in Baker City's response to the government's motion for partial summary judgment.  The motion to strike is denied.

<u>**Factual Summary**</u>

In Baker City's Second Amended Complaint, in addition to a determination of the validity of certain of  Baker City's easements[2] and the scope of every easement including those that have not yet been determined to be valid[3], Baker City seeks a determination that it has access rights across roads on United States land to their pipeline easements.  Second Am. Compl. ¶¶ 83A, 93, 105A, 112, 119A, 124, 134, 142.  Baker City has identified these access roads as "R1-R12." *Id.* Baker City requests that the court declare that the scope for each pipeline easement is "[w]ithin [a certain number of feet] on each side of center line, *without* fee and *without* any additional authorization from [United States] . . . which is inclusive of a right of access to maintain." Second. Am. Compl. at 43-46 (emphasis in original).

The United States has filed this motion for partial summary judgement asking the court to find, as a matter of law, that in determining the scope of any valid easements and access rights-of-way held by Baker City, the court find that such easements and rights-of-way are subject to reasonable regulations and applicable environmental laws.  Def. Mem. In Supp. of Mot. for Partial Summ. J. at 4.  The United States has also moved for partial summary judgment seeking a determination that Baker City has no legal rights to the access roads.

---

[2]  The issue of validity regarding a number of easements has been resolved by stipulation under the Acts of 1866, 1901 and 1905, and the court's order on partial summary judgment dated April 5, 2010, Docket No.102.

[3]  See Order and Opinion dated June 11, 2011, Docket No. 118.

Page 3 - OPINION AND ORDER

**Standard of Review**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All material facts are resolved in a light most favorable to the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986). The moving party bears the initial burden of showing no genuine dispute of material fact exists. *Id*. at 323.

"If the moving party meets its initial burden of showing 'the absence of a material and triable issue of fact, the burden then moves to the opposing party who must present significant probative evidence tending to support its claim or defense.'" *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). The non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. at 322-23.

The substantive law governing a claim determines whether a fact is material. *T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). All reasonable doubts as to the existence of a genuine issue of fact must be resolved against the moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574 (1986). The court should view inferences drawn from the facts in the light most favorable to the nonmoving party. *T.W. Elec. Serv. v. Pacific Elec.*, 809 F.2d at 630-31.

///

///

**Discussion**

I.    **Baker City's easements and access rights-of-way are subject to reasonable**

**regulation.**

Baker City wants this court to determine that the scope of its valid easements, regardless

of width, should be declared to be "*without* fee and *without* any additional authorization from

Defendants." Second Am. Compl. at 43-46. The United States contends that Baker City's

easements are subject to "reasonable regulation and environmental laws." Def. Mem. in Supp.

of Mot. for Partial Summ. J. at 4. Baker City argues that partial summary judgment on this issue

is not appropriate because, as a factual matter, no event has occurred on any of its easements that

would trigger the need for the application of any regulatory review by the United States.

Baker City, while objecting to entry of partial summary judgment, concedes that

regulations by the United States do apply to its easements but that such regulations are "subject

to thresholds not inconsistent with the statutes governing the claimed rights-of-way at issue." Pl.

Mot. to Supplement Reply at 3. In fact, Baker City cites BLM and Forest Service regulations

that it contends apply to its easements. *Id.* at 2-3. Therefore, there is no dispute of fact regarding

this issue.

The United States Constitution provides: "Congress shall have the Power to dispose of

and make all needful Rules and Regulations respecting the Territory or other property belonging

to the United States." U.S. Const. Art. IV, § 3, cl.2. The Supreme Court has held: "the Property

Clause gives Congress the power over the public lands 'to control their occupancy and to use, to

protect them from trespass and injury, and to prescribe the conditions upon which others may

obtain rights in them.'" *Kleppe v. New Mexico*, 426 U.S. 529, 540 (1976). The Supreme Court's

well-settled precedent "establish[es this] broad power granted to the government in the property

clause to regulate federal lands." *United States v. Vogler*, 859 F.2d 638, 641 (9th Cir. 1988) (holding that Congress has clearly conferred the power to regulate and manage national parks and forest to the Secretary of the Interior and Forest Service).

Under Ninth Circuit law, easements over federal land granted via express easement, or under the Acts of 1866, 1901, or 1905, are subject to reasonable regulation. *Adams v. United States*, 3 F.3d 1254, 1260 (9th Cir. 1993); *see also Hale v. Norton*, 476 F.3d 694, 700 (9th Cir. 2007) (holding that a right-of-way held by plaintiff over an access road to an easement was subject to reasonable regulation by the National Park Service); *U.S. v. Risner* 2000 WL 1545491 (9th Cir. 2000) (water rights easement and rights-of-way are subject to reasonable regulation by the Forest Service). Other courts have followed the Ninth Circuit rulings. *See Overland Ditch and Reservoir Co. v. United States*, 1999 WL 1087478 (D. Colo. June 17, 1999) (holding easements granted under 1891 Acts, and those under similar statutes, are subject to reasonable regulation so long as the regulations do not impede the vested rights in the easements).

In fact, the federal government "is not only permitted but required to take environmental values into account in carrying out regulatory functions." *Grindstone Butte Project v. Kleppe*, 638 F.2d 100, 103 (9th Cir. 1981) (holding that 1891 Act irrigation rights are essentially the same as 1866 Act rights and that those rights are subject to reasonable regulation by the government, including those promulgated under the 1901 Act). Courts have held that while parties may hold vested easements under the 1866, 1901 or 1905 Acts, "use of that easement is subject to reasonable Forest Service regulation pursuant to FLPMA [Federal Land Policy Management Act], to the extent that regulation does not reduce or diminish plaintiff's vested rights in the 18[66 or other] Act easement." *Overland Ditch and Reservoir Co.*, 1999 WL 1087478, at *10.

Page 6 - OPINION AND ORDER

*See also Elko Cnty. Bd. of Supervisors v. Glickman*, 909 F.Supp. 759 (D. Nev. 1995) (finding ranchers holding valid ditch rights and rights-of-way were subject to reasonable regulation by Forest Service so long as they ran across Forest Service land).

The Federal Land Policy Management Act ("FLPMA") preserves easement rights granted prior to its enactment and includes this specific language:

> The Secretary of Agriculture shall have the authority to administer all rights-of-way granted or issued under authority of previous Acts with respect to lands under the jurisdiction of the Secretary of Agriculture, including rights-of-way granted or issued pursuant to authority given to the Secretary of the Interior by such previous Acts.

43 U.S.C.A. § 1761(b)(3).  "The Department of the Interior has promulgated extensive regulations pursuant to FLPMA relating to rights-of-way across public lands." *Elko Cnty. Bd. Of Supervisors*, 909 F.Supp. at 763 (citing to 43 C.F.R. Pt. 2800).   In addition, the Organic Act, 16 U.S.C.A. § 551, provides that the Secretary of Agriculture "may make such rules and regulations and establish such service as will insure the objects of such reservations, namely to regulate their occupancy and use to preserve the forests thereon from destruction." *See Adams*, 3 F. 3d at 1260; *Overland Ditch and Reservoir*, 1999 WL 1087478 *10.  The Forest Service has promulgated extensive regulations governing activities on the national forest lands.  *See* 36 C.F.R. Pts. 251, 261 (2009).

As the court noted in *Overland Ditch and Reservoir Co.,* 1999 WL 1087478 at *7, "the conclusion that plaintiff's rights are not free from regulation is entirely consistent with the 'basic principle [ ]of property law,' that plaintiff's access to and maintenance of the 1891 Act easement are subject to regulation by the Forest Service 'as the owner of the servient estate.'" (quoting *United States v. Jenks,* 22 F. 3d 1513, 1517 (10th Cir. 1994)); *see* Opinion and Order, Docket No. 118 at 13.

Page 7 - OPINION AND ORDER

Baker City contends that *Western Watersheds Project v. Matejko*, 468 F.3d 1099 (9th Cir. 2006), and *Karuk Tribe of California v. United States Forest Service*, 640 F.3d 979 (9th Cir. 2011), support its argument that its easements are not subject to reasonable regulation. The facts of these cases, however, are distinguishable; neither of these cases held that reasonable regulation did not apply to easements on property owned by the United States. *Western Watersheds* was not "a suit challenging BLM's general policies on when or how to regulate pre-FLPMA rights-of-way." *Western Watersheds*, 468 F.3d at 1110. Rather, the suit was "limited to attempting to compel the BLM to initiate consultation under the ESA [Endangered Species Act]." *Id.* Similarly, the court in *Karuk Tribe* held that the Forest Service had discretion under its regulations to require a plan of operation regarding the activity of an easement holder. 640 F.3d at 988. The *Karuk Tribe* court found that the proposed activity did not require such a plan. *Id.* Thus, *Western Watersheds* and *Karuk Tribe*, unlike the instant case, involve determinations regarding whether or not *specific* regulations were triggered as a result of actions taken by the easement-holders.

While questions of fact remain for trial in the case at bar, the issue regarding whether or not easements validly held by Baker City are subject to reasonable regulation by the government does not present a factual issue. Baker City, both in their briefing and at oral argument, conceded that while its easements may be subject to regulation, the applicable regulation cannot be ascertained until an action is taken on the easement or right-of way. Baker City is correct in that a particular regulation is not necessarily triggered until some action is taken by Baker City regarding a right-of-way or easement on the United States' property. However, the language of Baker City's Second Amended Complaint, stating that the scope of the easements be declared

Page 8 - OPINION AND ORDER

"*without* fee and *without* any additional authorization from [the United States] . . . which is inclusive of a right of access to maintain," seeks a determination contrary to the weight of legal authority regarding easements and rights-of-way and the United States' authority to regulate them.  Second Am. Compl. at 43-46.

It is undisputed that valid pipeline easements held by Baker City were obtained via an express grant, or pursuant to the Acts of 1866, 1901 and 1905, and cross federal land.  It is also undisputed that the rights-of-way to be adjudicated at trial, R1-R12, also cross federal land. Easements held across federal land and the rights-of-way to access them are subject to reasonable regulation, so long as the regulation does not infringe upon the vested rights held by the grantee.  *Elko Cnty. Bd. of Supervisors v. Glickman*, 909 F.Supp. at 764; *see also United States v. Vogler*, 859 F.2d 638, *Hale v. Norton*, 476 F.3d at 697.

The court in *Elko County Board of Supervisors* held that 1866 ditch rights were subject to reasonable regulation and stated:

> This answers the [plaintiff]s' argument that, so long as they act within the scope of their vested 1866 ditch rights, their actions are not subject to Forest Service regulation, even if they take place on Forest Service land. On the contrary: though we assume that the [plaintiffs] have vested rights-of-way under § 661, and that vested rights are protected property interests, a vested right-of-way which runs across Forest Service lands is nevertheless subject to reasonable Forest Service regulation, where "reasonable" regulation is defined as regulation which neither prohibits the [plaintiffs] from exercising their vested rights nor limits their exercise of those rights so severely as to amount to a prohibition.

*Elko Cnty. Bd. of Supervisors v. Glickman*, 909 F.Supp at 764.

While it may be premature to decide *which* regulation, law or rule is or may be applicable, the fact remains that, as a matter of law, the easements, regardless of their geographic

Page 9 - OPINION AND ORDER

scope, are subject to reasonable regulation so long as that regulation does not infringe upon

Baker City's vested rights.   This court is unwilling to declare which specific regulations are

applicable here.  Whether a special use permit will be required under the regulations will depend

on what Baker City intends to do on its right-of-way or easement.  If a special use permit is

required, other statutes such as NEPA will be triggered.  *See High Sierra Hikers Ass'n v.*

*Blackwell*, 390 F.3d 630, 640-41 (9th Cir. 2004).  Should the government seek to enforce a

particular regulation or law which Baker City believes infringes upon their vested rights, Baker

City's remedy is through the administrative process, as it "must first appeal as far as possible

within the Forest Service's administrative structure" before seeking relief from this court.  *Id.* at

765; *see also Hale v. Norton*, 476 F.3d 694, 701; *Overland Ditch and Reservoir Co.*, 1999 WL

1087478 at *10.

The United States' motion for partial summary judgment on the applicability of

reasonable regulation to Baker City's easements and rights-of-way is granted.

**II.     Questions of fact remain as to the scope of Baker City's easements and as to access
          rights to Baker City's valid easements.**

Baker City alleges it has access rights to its easements over Forest Service roads.  The

United States claims there is no legal authority for those access rights.  There is no dispute that

the Forest Service has allowed Baker City to access its pipeline over Forest Service roads.  To

the extent that Baker City has access to its pipeline within a valid easement or right-of-way, the

scope of each easement is yet to be determined.  To the extent that Baker City alleges access to

its pipeline over roads not included within the geographic area of its easement, the nature and

scope of those access rights present factual issues for trial.  Despite the Forest Service's historic

Page 10 - OPINION AND ORDER

policy of allowing Baker City access to its pipeline, the evidence regarding R1-R12 must be developed to determine whether access rights can be determined based on whether the roads are open to the public, restricted to the Forest Service, and/or otherwise not access to which Baker City is legally entitled.

The United States' motion for partial summary judgment on the issue of access roads is denied.

## Conclusion

Baker City's Motion to Strike, Docket No. 174, is DENIED. The United States' Motion for Partial Summary Judgment, Docket No. 166, is GRANTED, in part, and DENIED, in part.

IT IS SO ORDERED.

This 19th day of September, 2011.


/s/ Patricia Sullivan_____
Patricia Sullivan
U.S. Magistrate Judge


Page 11 - OPINION AND ORDER