IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| CITY OF BAKER CITY, OREGON, | Civil No. 2:08-cv-717-SU |
| Plaintiff, | |
| v. | FINDINGS OF FACT AND CONCLUSIONS OF LAW |
| UNITED STATES OF AMERICA, et al, | |
| Defendants. | |

SULLIVAN, Magistrate Judge

The City of Baker City ("Baker City"), a municipal corporation in Baker County, Oregon, brought suit under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Quiet Title Act, 28 U.S.C. § 2409A, against the United States Forest Service, the United States Department

of Agriculture, the United States Department of the Interior, and the Bureau of Land Management (collectively "the United States"). On October 6, 2011, the parties reached a Stipulated Agreement resolving all but the issue of whether Baker City holds a prescriptive pipeline easement across certain parcels of land, identified as Parcels 114-116. *See* Plaintiff's Exhibit 100. On October 12, 2011, pursuant to the terms of the Stipulated Agreement, this Court held a trial on the merits regarding the issue of prescriptive easement. After considering the evidence, including witness testimony of Dr. Jennifer Stevens and Baker City Public Works Director Michelle Owen, the exhibits submitted on the record at the beginning of trial, and the briefings by the parties, the Court enters the following Findings of Fact and Conclusions of Law:

## **FINDINGS OF FACT**

Pursuant to Federal Rule of Civil Procedure 52(a), the Court find the following facts:

1. The Amended Stipulated Facts (doc. 53) filed on July 13, 2009, are incorporated herein.

2. Stipulated Exhibits Nos. 1 through 82 (attached to doc. 49) and the Amended Stipulated Exhibit 83 (attached to doc. 54) are incorporated herein.

3. The following Exhibits are incorporated herein: 1, 10-A, 10-B, 10-C, 11, 26, 34, 35, 37, 40, 47, 51, 66, 70, 76, 77, 78, 79, 83, 100, 140, 141, 142, 149, 150, 162, 166, 300, 301, 302, 303, 335, 336, 337, and 338, as admitted at trial. Trial Transcript October 12, 2011 ("Trial Tr.") 13:24.

**I.    PARTIES**

4. Plaintiff Baker City was incorporated as a municipality within Baker County, State of Oregon, on October 13, 1874. Baker City owns and holds the interests in its water conveyance system.

Page 2 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

5. Defendant United States of America ("USA") owns, and the Defendants Secretary of the United States Department of Agriculture, Chief of the United States Forest Service, Regional Forester of the Pacific Northwest Region of the United States Forest Service, and Forest Supervisor for the Wallowa Whitman National Forest of the United States Forest Service ("Forest Service" or "USFS") administer the real property in Parcels 114-116.

## II. WATER RIGHTS & WATER DELIVERY SYSTEM

6. Baker City's municipal watershed consists of land in the Elkhorn Mountains west of the town of Baker City.

7. In developing its water rights of use, Baker City and its predecessors in interest accessed the points of diversion, the water conveyance systems, and other water works.

8. Baker City established its water rights under the local custom formally recognized under the laws of the State of Oregon.

9. Baker City's water rights were lawfully adjudicated in the Circuit Court of the State of Oregon for Baker County as evidenced by the Powder River Decree dated March 16, 1918. *See* Exhibit 70.

10. Following issuance of the Powder River Decree, and as determined by the Court in the Powder River Adjudication, Baker City was issued Water Right Certificate No. 80496 with priority dates of 1862, 1868, and 1901. *See* Exhibit 70; Exhibit 66.

11. A portion of Baker City's water conveyance system and water rights were initially developed by miners.

12. It was commonplace for miners to use water conveyance systems to capture and appropriate water at all source points for use in mining activities.

13. Early in the 1860's, the miners built a ditch along the contours of the mountain side from Pine Creek Reservoir to Elk Creek and the City of Auburn in order to convey source waters originating from the Elkhorn Mountains.

14. In 1862, Baker City's predecessors in interest developed a water conveyance system known as the Auburn Mining Ditch, Auburn Canal, Auburn Ditch, or Mountain Line Ditch (hereinafter referred to as the "Auburn Line") that was contoured along the Elk Horn Mountains and captured water from all the water sources, which has been adjudicated and confirmed by Water Right Certificate No. 80496.

15. In 1901, Baker City purchased the Auburn Line and associated water rights from the Nelson Placer Mining Company. Trial Tr. 36:5-11.

16. In 1900, Baker City purchased the Elk Creek water conveyance system and associated water rights from the Griffin Gulch Mining Company. Trial Tr. 36:16-20.

17. Subsequent to the Elk Creek acquisition and between 1900 and 1902, Baker City constructed a pipeline from Elk Creek via the Elk Creek Settling Tank (where it connected with the Auburn Line) to the City of Baker. This water conveyance became known as the Elk Creek Line, and crossed over and upon Parcels 114-116. Trial Tr. 17:9.

18. The Auburn Line conveys water from Parcels 1-95 stored in Goodrich Reservoir, through Goodrich Creek and the Auburn Line into a settling tank in Parcel 95 known as "the Elk Creek Settling Tank." At the Elk Creek Settling Tank, water collected and conveyed from the Auburn Line is combined with waters from Elk Creek Parcels 96-107 and conveyed to Baker City Parcels 95-138. *See* Exhibit 1; Exhibit 100.

19. The Auburn and the Elk Creek Lines flow along the mountain side capturing water from Baker City's other water-righted sources to convey that water to Baker City for its municipal water supply.

20. Baker City and its predecessors in interest established water rights and rights-of-way in 1862 (as related to the Auburn Line) and in 1900 (as related to the Elk Creek Line) through local custom, laws, and decisions of the courts.

### III. INITIAL CONSTRUCTION

21. The miners built the Auburn ditch on or before 1862.

22. The Auburn Line was converted from an open ditch to a flume, from a flume to a pipeline, and then to an improved pipe.

23. The Elk Creek Line was constructed in 1901-1902. Trial Tr. 36:19-37:17. This construction crossed over and upon Parcels 114-116. In 1913-1914, and again in the 1930s, Baker City improved the Elk Creek Line by updating and replacing the existing pipeline, including as it crossed over and upon Parcels 114-116.

24. The purpose of the Auburn and Elk Creek Line is to deliver water to the extent of Baker City's certificated water right from the watershed to the citizens of Baker City.

### IV. ELK CREEK LINE, AS RELATED TO PARCELS 114-116

25. Baker City's predecessors in interest established its water appropriation and conveyance for Elk Creek as of 1862.

26. The Elk Creek Line is described in the Amended Stipulated Exhibits at 151.0-156.0.

27. Parcels 114-116 contain a portion of the Elk Creek Line.

28. Parcels 114-116 were patented to private land in 1897 before the Elk Creek Line was built by Baker City and before the forest surrounding Parcels 114-116 was reserved by proclamation in 1904. Trial Tr. 24:9-14; 25:7

29. The USA acquired from private ownership Parcels 114-115 in 1928. *See* Ex. 26; Trial Tr. 28:5-21. Parcels 114-115 were in private ownership for 31 years between 1897 and 1928. *See* Ex. 26, 51, 335, 336.

30. The USA acquired from private ownership Parcel 116 in 1977. Parcel 116 was in private ownership for 80 years between 1897 and 1977. Ex. 10, 51, 335, 336. Trial Tr. 29:17-31:11.

31. While in private ownership, the owners of Parcels 114-115 knew or reasonably should have known of the construction of the Elk Creek Line across Parcels 114-115, as well as its reconstruction in 1913. *See* Testimony of Dr. Stevens, Trial Tr. 57:18; *see generally* Trial Tr. 51:2-66:14; 66:15-21.

32. While in private ownership, the owners of Parcel 116 knew or reasonably should have known of the construction of the Elk Creek Line across Parcel 116, as well as its reconstruction in 1913 and in the 1930s. *See* Testimony of Dr. Stevens; Trial Tr. 51:2-55:18; 66:25-67:7; 78:7-14.

33. In Parcels 114-115, Baker City openly constructed, operated, and maintained its Elk Creek Line from at least March 1902 until 1928 during the period of private ownership, and continued such construction, operation and maintenance from 1928 until the present. Trial Tr. 79:4-21.

34. In Parcel 116, Baker City openly constructed, operated, and maintained its Elk Creek

Page 6 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

Line from at least March 1902 until 1977 during the period of private ownership and continued such construction, operation, and maintenance from 1977 until the present. *See* Ex. 47, 336.

35. Since at least March of 1902, Baker City has possessed and used a portion of Parcels 114-116 for its water conveyance system. Trial Tr. 37:4-18.

36. The use of Baker City's water conveyance system in Parcels 114-116 has been continuous since the time of installation of the Elk Creek Pipeline between 1900 and 1902 to the present day. *See generally* Trial Tr. 31:12 et. seq.; 47:4-49:1.

37. Baker City continuously used the water conveyance system for more than ten years during the time Parcels 114-116 were owned by private landowners. Using the 1902 date, private ownership lasted 26 years for Parcels 114-115 and 75 years for Parcel 116. Trial Tr. 47:4-49:1.

38. Baker City's use of the pipeline through Parcels 114-116 was open and apparent, as evidenced by the road traversing over and/or near the pipeline in these sections.

39. The terrain in Parcels 114-116 evidences a pipeline wherein a line of trees has been removed in the path of the pipeline that is still visible today. Trial Tr. 74:18-75:18.

40. Construction of the Elk Creek Line through Parcels 114-116 between 1900 and 1902 was open and published in the Baker City Minute Books of that time, as well as many other public documents, as testified to by Dr. Stevens. Trial Tr. 31:12 et. seq.

41. The USA was on notice of the Elk Creek Line as shown specifically by the deed received from Pollman in 1928; Parcel 100 was part of the Pollman deed conveyance and includes an express easement for the pipeline dated July 7, 1900, in its chain of title. *See* Ex. 35.

42. The Pollman deed also relates to Parcels 97, 98 and 102, all of which hold 1900 express easements in favor of the Elk Creek Line. *See* Ex. 35, 37, 40; Trial Tr. 44:6-25.

Page 7 - FINDINGS OF FACT AND CONCLUSIONS OF LAW

43. The USA had knowledge of the Elk Creek Line via the 1941 Oregon Trail Lumber Company exchange of land document with the USA, wherein the document specifically acknowledges the existence of the pipeline right-of-way relating to Parcel 97.  *See* Ex. 34; Trial Tr. 45:1-16.

44. The Powder River Adjudication map filed originally with both the Baker County Circuit Court and the Oregon State Engineer, dated 1912, evidences that the Baker City Pipe Line travels through Section 27, Parcels 114-116.  *See* Ex. 76; Trial Tr. 41:7-25.

45. The 1933 Metsker map, a map commonly used  by the public, evidences that the Auburn Ditch and pipeline travels through Section 27, Parcels 114-116.  *See* Ex. 337; Trial Tr. 42:21-43:17.

46. The 1952 Metsker map, a map commonly used by the public, evidences that the Baker City watershed and pipeline travels through Section 27, Parcels 114-116.  *See* Ex. 338; Trial Tr. 43:18-44:5.

47. In 1977, Boise Cascade exchanged land with the USA.  Many parcels of land on the Elk Creek Line were conveyed to the USA.  *See* Ex. 10A-10C.

48. The USA had knowledge of Baker City's water conveyance system as evidenced in the 1966 Federal Register providing for power generation facilities in the Elk Creek Line watershed area subject to Baker City's existing rights for water conduit purposes.  *See* Ex. 166; Trial Tr. 45:17-47:3.

49. Baker City continues to openly use Parcels 114-116 for its Elk Creek Line.  *See* Ex. 141, 142.

///

## V.    CONTINUED USE

50. Baker City continues to exercise water use under the terms of its certificated water right. Trial Tr. 79:4-21.

51. This continued use includes construction, operation, cleaning, monitoring, inspection, repair, and replacement of water conveyance facilities including diversions, structures, and system infrastructure on at least a weekly basis in the summer and a monthly basis in the winter, though periodically more often when maintenance is required.

## **CONCLUSIONS OF LAW**

### I.    JURISDICTION AND VENUE

1. Venue is proper under 28 U.S.C. § 1391: a civil action where the claim or cause of action arose; a civil action involving an officer or employee of the United States; where any real property involved in the action is situated.  A civil action arising within Baker County is to be within the United States District Court for the District of Oregon, in Pendleton, Oregon.

2. Jurisdiction is proper under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

3. Jurisdiction is proper under the Quiet Title Act, 28 U.S.C. § 2409(a).

4. Jurisdiction is proper as this case invokes a Federal Question, 28 U.S.C. § 1331.

### II.    BAKER CITY'S WATER RIGHTS

5. Baker City established its water rights before the land was reserved from the public domain via proclamation (i.e. "reserved land").

### III.    ELK CREEK: Parcels 114-116

6. A prescriptive easement is established when a party shows the property was used in an actual, open, notorious, adverse, and continuous way for the statutory period of 10 years.  The open and continuous use of land for the prescriptive period is presumed to be adverse and under

a claim of right. *Webb v. Clodfelter*, 205 Or. App. 20, 26, 132 P.3d 50, 53 (2006); Or. Rev. Stat. § 12.050.

    7. Prescriptive elements are similar to adverse possession which, in Oregon, is governed by both common law and statute.

    8. Baker City is not required to show the element of exclusive use as would be required under a claim for adverse possession. *Wiser v. Elliott*, 228 Or. App. 489, 501, 209 P.3d 337, 344 (2009).

    9. The elements of adverse possession were codified by the Oregon Legislature in 1989, requiring an additional element of "honest belief of actual ownership" for claims vesting after 1990. Or. Rev. Stat. § 105.620; *Wiser v. Elliott*, 228 Or. App. 489, 497, 209 P.3d 337, 342 (2009). Baker City claims a type of adverse possession vesting prior to 1928 (as to Parcels 114-115) and prior to 1977 (as to Parcel 116), thus the additional element of "honest belief of actual ownership" is not required.

    10. Easements by prescription generally cannot be made against the United States. However, under *Burlison v. United States*, 533 F.3d 419, 428 (6th Cir. 2009), where adverse possession claims ripened before the government acquired title to the land, these suits do not fall under the prohibition against adverse possession claims against the United States but are instead construed as claims of adverse possession against the prior owner.

    11. Baker City may quiet title its claim in a prescriptive (adverse possession) easement because Baker City's claim ripened before the land was transferred to the USA.

    12. Baker City has the burden of proof to show that it has met the elements of a prescriptive easement by clear and convincing evidence.

13. Baker City actually and openly used Parcels 114-116 for its Elk Creek Pipeline conveyance for the prescriptive period of time (ten years) and was adverse against the private land owners prior to the time the USA acquired the Parcels.

14. Baker City met its burden to show the legal elements of a prescriptive easement right over and across Parcels 114-116 by clear and convincing evidence.

15. The USA did not rebut Baker City's claim of a prescriptive easement. Trial Tr. 79:24-25.

16. The USA was on actual and inquiry notice of the pipeline in Parcels 114-116.

17. The USA did not meet its burden to rebut Baker City's prescriptive claim.

18. Baker City established a prescriptive easement over and across Parcels 114-116 for its Elk Creek Line. Trial Tr. 80:9-81:7.

19. Baker City holds a prescriptive pipeline easement over and across Parcels 114-116, as identified and illustrated in Exhibits 1 and 100.

20. The scope of this easement is as stipulated to between the Plaintiff and Defendants per their agreement dated October 6, 2011.

IT IS SO ORDERED.

DATED this 17th day of January, 2012.

    /s/ Patricia Sullivan
Patricia Sullivan
United States Magistrate Judge

Page 11 - FINDINGS OF FACT AND CONCLUSIONS OF LAW